UNITED STATES DISTRICT COURT
                          EASTERN DISTRICT OF LOUISIANA

SHERYL ANN BAIRD                                    CIVIL ACTION

VERSUS                                              NO: 13-0825

CAROLYN W. COLVIN,                                  SECTION: R
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

### ORDER AND REASONS

Plaintiff Sheryl Ann Baird objects to Magistrate Judge Michael North's Report and Recommendation ("R&R"), which recommends that plaintiff's complaint under the Social Security Act be dismissed. Having reviewed *de novo* the record, the Magistrate's R&R,[1] the plaintiff's objections thereto,[2] and the applicable law, the Court agrees with Judge North's recommendation and adopts the R&R as its opinion. Accordingly, the Court DENIES plaintiff's motion for summary judgment[3] and GRANTS defendant's motion for summary judgment.[4]

Plaintiff objects to three aspects of Judge North's R&R: his statement that checklist opinions are generally looked on with disfavor; his failure to evaluate the treating physician's opinion using the six factors enumerated in *Newton v. Apfel*, 209 F.3d 448

---

[1]   R. Doc. 18.

[2]   R. Doc. 29.

[3]   R. Doc. 14.

[4]   R. Doc. 16.

(5th Cir. 2000); and his observation that "the timing of the checklist form in relation to the administrative hearing . . . casts doubt on its evidentiary value."[5]

The Court finds these objections to be without merit. First, it is well established that "checklist opinions are unworthy of credence when they are not adequately supported by or are inconsistent with the medical records." *Haynes v. Astrue*, Civil Action No. 11-2289, 2012 WL 3860467, at *15 (E.D. La. July 23, 2012) (collecting cases), *adopted*, 2012 WL 3863171 (E.D. La. Sep. 5, 2012), *aff'd sub nom Haynes v. Soc. Sec. Admin.*, 519 F. App'x 258 (5th Cir. 2013). Here, as the opinions of the ALJ and the Magistrate exhaustively explain, the conclusions that Dr. Prasad reaches in his checklist form are not consistent with the other medical evidence in the record, and hence those conclusions are entitled to little weight. *See id.; cf. Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980) ("brief and conclusory" statement from physician that was "unsupported by any recitation of medical findings or other relevant factors" was entitled to little evidentiary weight).

Second, the ALJ is not required to analyze the treating physician's views under the six-factor test set forth in *Newton* if there is "reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist."

---

[5] R. Doc. 18 at 27.

*Newton*, 209 F.3d at 453; *see also Rollins v. Astrue*, 464 F. App'x 353, 358 (5th Cir. 2012) ("[W]here there is reliable medical evidence from a treating or examining physician that controverts the claimant's physician, the detailed inquiry of each factor . . . is unnecessary."); *Qualls v. Astrue*, 339 F. App'x 461, 466-67 (5th Cir. 2009) (same); *Walker v. Barnhart*, 158 F. App'x 534, 535 (5th Cir. 2005) (same). Here, the record does contain evidence from other examining physicians, such as Dr. Higgins, and so the ALJ was not required to undertake the six-factor inquiry.

    Third, the ALJ was entitled to accord less weight to Dr. Prasad's checklist form in light of the fact that it was completed shortly before the administrative hearing. *See Haynes*, 2012 WL 3860467, at *15. Plaintiff cites no authority to the contrary. Indeed, as plaintiff herself notes, Dr. Prasad had been treating the plaintiff for over a year before the hearing, and he had compiled a substantial quantity of contemporaneous treatment notes. The ALJ properly accorded some weight to that contemporaneous evidence and little weight to the conclusory checklist form.

    New Orleans, Louisiana, this 2nd day of June, 2014.

                           *Sarah Vance*
                           _____
                            SARAH S. VANCE
                     UNITED STATES DISTRICT JUDGE